NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2015[*]
Decided September 25, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1292 | Appeal from the<br>United States District Court |
| JAMES CHELMOWSKI,<br>    *Plaintiff-Appellant*, | for the Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 14 C 7283 |
| AT&T MOBILITY, LLC,<br>    *Defendant-Appellee*. | James B. Zagel,<br>*Judge*. |

**O R D E R**

A long-standing AT&T customer, James Chelmowski became frustrated with the company when, he says, it failed to "port," or transfer, his cell-phone number to another cell-phone carrier and improperly deleted his voicemails. Chelmowski filed an arbitration claim against AT&T Mobility, LLC (the wholly owned subsidiary of AT&T that provides cell-phone services). After the arbitrator denied Chelmowski's claims, Chelmowski asked an Illinois state court to vacate the arbitration award. Invoking federal jurisdiction based on the parties' diverse citizenship, *see* 28 U.S.C. § 1332(a),

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

AT&T removed the case to federal court, *see id.* § 1441, and asked that the award be confirmed under the Federal Arbitration Act, s*ee* 9 U.S.C. § 9. The district court denied Chelmowski's request to vacate and confirmed the award. Chelmowski appeals, primarily contending that the district court erred when it did not permit him to amend his complaint as a matter of course under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. But the district court properly treated his request to vacate as a motion and afforded Chelmowski ample opportunity to argue that the arbitration award should be vacated, so we affirm.

Chelmowski filed his claim for arbitration with the American Arbitration Association ("AAA"), seeking compensation on a variety of state-law theories and on a claim that AT&T had violated a federal telecommunication regulation related to the porting of telephone numbers. S*ee* 47 C.F.R. § 52.35. AT&T counterclaimed for unpaid bills. After a merits hearing at which Chelmowski and an AT&T employee testified, the arbitrator denied both Chelmowski's claims and AT&T's claim.

Chelmowski then turned to Illinois state court and sought to vacate the arbitration award by filing a "Complaint for Administrative Review." In this submission Chelmowski alleged that the arbitrator failed to follow the AAA's arbitration rules or the rules of state and federal civil procedure, that the arbitrator failed to issue a reasoned decision, and that AT&T failed to produce relevant documents during discovery and produced other documents with inexplicable redactions. AT&T removed the case to federal court, where it moved to dismiss the complaint and confirm the award under 9 U.S.C. § 9.

In district court Chelmowski responded to AT&T's motion by filing several motions requesting to vacate the award and seeking to amend his initial "complaint" under Rule 15(a)(1)(B). He also filed an appendix with 900 pages of documents from the arbitration in support of his motions and moved for discovery of the list of documents that AT&T had designated as privileged during the arbitration proceedings.

The district court denied Chelmowski's request to vacate the arbitration award and granted AT&T's motion to confirm it. In the court's view, Chelmowski's arguments largely amounted to a disagreement with the arbitrator's discovery and evidentiary rulings—not a basis for vacating the award; the arbitrators were not bound by judicial rules of procedure; and "ample evidence" otherwise supported the award. The court further denied as moot Chelmowski's motions for discovery and leave to file an amended complaint.

On appeal Chelmowski challenges not the merits of the district court's decision to confirm the award but three aspects of the proceedings in the district court. First, he contends that the district court failed to construe his pro se filings liberally. We discern no reversible error in the district court's treatment of Chelmowski's filings. Under the Federal Arbitration Act, 9 U.S.C. § 6, proceedings to confirm or vacate an arbitration award must be initiated by motion and are governed by the general rules of motions practice. *See* FED. R. CIV. P. 81(a)(6)(B); *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570–71 (7th Cir. 2007); *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1257–58 (7th Cir. 1992). The district court treated Chelmowski's complaint effectively as a motion to vacate. Its order addressed the arguments raised in the complaint (and repeated in Chelmowski's subsequent filings) and concluded that they did not warrant vacating the arbitration award. The court had before it the substance of Chelmowski's request to vacate the award and his supporting evidence, so Chelmowski did not need to file an additional document repeating the same arguments but under a different caption. *See Webster*, 507 F.3d at 571.

Second, Chelmowski argues that the court should have permitted him to amend his complaint under Rule 15(a)(1)(B), but because Chelmowski's request to vacate is properly construed as a motion rather than a complaint, he had no right under Rule 15(a)(1)(B) to amend his filing once as a matter of course. That rule applies to pleadings, not to motions, and so is inapplicable in proceedings to vacate an arbitration award. *See Hughes*, 975 F.2d at 1257–58 (provisions of Rule 16 regarding scheduling conferences inapplicable in proceeding to vacate arbitration award); *Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994) (Rule 12(b) inapplicable in proceeding under FAA); *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 748 (11th Cir. 1988) (notice pleading requirement of Rule 8 inapplicable in proceeding to vacate arbitration award).

Third, he contends that the district court should have held a hearing before denying his request to vacate. But motions may generally be decided on the papers, *see* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1190 (3d ed. 2004), and motions to confirm or vacate an arbitration award are no exception, s*ee Productos*, 23 F.3d at 46.

AFFIRMED.