NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2017[*]
Decided March 2, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 16-1855 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JAMES CHELMOWSKI, *Plaintiff-Appellant*, | |
| *v.* | No. 14 C 7283 |
| AT&T MOBILITY, LLC, *Defendant-Appellee*. | James B. Zagel, *Judge*. |

---------------------------------------------------------------------------------------------------------------------

| | |
|---|---|
| No. 16-3539 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JAMES CHELMOWSKI, *Plaintiff-Appellant*, | |
| *v.* | No. 15 C 10980 |
| AT&T MOBILITY, LLC, *Defendant-Appellee*. | Edmond E. Chang, *Judge*. |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

## ORDER

These appeals are successive to Case No. 15-1292. We have consolidated them for decision and now summarily affirm.

In the earlier appeal, we affirmed the district court's order denying James Chelmowski's motion to vacate an arbitration award. Chelmowski initiated arbitration proceedings against AT&T accusing the cell-phone carrier of failing to "port," or transfer, his cell-phone number when he switched to another carrier. He also alleged that AT&T improperly deleted some of his voicemails. An arbitrator ruled against him. The district judge denied Chelmowski's motion to vacate the award and granted AT&T's motion to confirm it. On appeal Chelmowski did not challenge the merits of that ruling but instead lodged several complaints about the judge's procedures for handling the matter. We found no error and affirmed. Order, *Chelmowski v. AT&T*, No. 15-1292 (7th Cir. Sept. 25, 2015).

In the first of the successive appeals—Case No. 16-1855—Chelmowski seeks review of the denial of his Rule 60(b) motion to reopen the judgment. *See* FED. R. CIV. P. 60(b). The motion was nothing more than an effort to relitigate matters conclusively resolved by the arbitrator based on events postdating the arbitration and other irrelevancies. The judge properly denied it. We summarily affirm.

The second of the successive appeals—Case No. 16-3539—seeks review of an order from a different district judge denying Chelmowski's motion to vacate a *second* arbitration award involving the same essential dispute with AT&T. In the second arbitration, Chelmowski again sought to relitigate matters already resolved against him and predictably lost on preclusion grounds. The judge confirmed the award. He was right to do so. The new arbitration was obviously barred by preclusion doctrine. Chelmowski had no basis to argue that the arbitrator committed misconduct, 9 U.S.C. § 10(a)(3), or exceeded her powers, *id*. § 10(a)(4), but that did not stop him, and the judge quite properly rejected these arguments. We summarily affirm.

Because these appeals appear to be frivolous, we order Chelmowski to show cause why sanctions should not be imposed under Rule 38 of the Federal Rules of Appellate Procedure. His response is due within 14 days from the date of this order.