**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 12, 2018[*]
Decided January 9, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 18-1082 | Appeal from the |
| | United States District Court |
| JAMES CHELMOWSKI, | for the Northern District of Illinois, |
| *Plaintiff-Appellant*, | Eastern Division. |
| | |
| *v.* | No. 1:17-cv-07070 |
| | |
| AT&T MOBILITY LLC, | Virginia M. Kendall, |
| *Subpoena Respondent-Appellee*. | *Judge*. |

## O R D E R

This appeal is successive to Case Nos. 15-1292, 16-1855, and 16-3539.

In No. 15-1292, we affirmed an order denying James Chelmowski's motion to vacate an arbitration award. Chelmowski initiated arbitration proceedings against AT&T accusing the cell-phone carrier of failing to "port," or transfer, his cell-phone number when he switched to another carrier. He also alleged that AT&T improperly deleted some of his voicemails. An arbitrator ruled against him. The district court denied

---

[*] After examining the briefs and record, we concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Chelmowski's motion to vacate the award and granted AT&T's motion to confirm it. On appeal Chelmowski did not challenge the merits of that ruling but instead lodged several complaints about the judge's procedures for handling the matter. We found no error and affirmed. *Chelmowski v. AT&T Mobility LLC*, 615 F. App'x 380 (7th Cir. 2015).

In No. 16-1855, Chelmowski sought review of the denial of his Rule 60(b) motion to reopen the judgment. *See* FED. R. CIV. P. 60(b). The motion was nothing more than an effort to relitigate matters conclusively resolved by the arbitrator based on events postdating the arbitration and other irrelevancies. The judge properly denied it. In No. 16-3539, Chelmowski sought review of an order from a different district judge denying his motion to vacate a *second* arbitration award involving the same essential dispute with AT&T. In the second arbitration, Chelmowski sought to relitigate matters already resolved against him and predictably lost on preclusion grounds. Chelmowski raised baseless arguments that the arbitrator committed misconduct and exceeded her powers. *See* 9 U.S.C. § 10(a)(3)–(4). The judge quite properly rejected these arguments. We consolidated No. 16-3539 with No. 16-1855 and in a single order summarily affirmed. *Chelmowski v. AT&T Mobility LLC*, 678 F. App'x 420 (7th Cir. 2017). Because both appeals were frivolous, we also ordered Chelmowski to show cause why sanctions should not be imposed under Rule 38 of the Federal Rules of Appellate Procedure and later imposed a $500 sanction, which Chelmowski paid.

Having lost his repeated attempts to sue AT&T over the dispute about his cell-phone number, Chelmowski turned to another tactic. He served Freedom of Information Act ("FOIA") requests on the Federal Communications Commission seeking any documents related to him or his dispute with AT&T. He then filed two lawsuits in the District of Columbia complaining about the government's FOIA responses and used these suits as vehicles for serving third-party subpoenas on AT&T entities. Litigation over compliance with the subpoenas occurred in the Northern District of Illinois. Judge Sharon Coleman denied Chelmowski's motion to enforce several of these subpoenas, ruling that he had "not shown any basis in law or in fact for this [c]ourt to allow the request" to "compel discovery from a third-party, AT&T." Minute Entry, *Chelmowski v. FCC*, No. 1:16-cv-5587 (N.D. Ill. Aug. 24, 2016), ECF No. 24.

The present appeal is from an order by Judge Virginia Kendall granting AT&T's motion to quash Chelmowski's most recent subpoena. She ruled that the subpoena has no conceivable relevance to the pending action in the District of Columbia district court. She also told Chelmowski that there were grounds to sanction him "for being an abusive filer," but in the end she simply granted the motion to quash and warned him: "[Y]ou

are facing further action by courts if you don't let this go." Minute Entry, *Chelmowski v. AT&T Mobility LLC*, No. 1:17-cv-07070 (N.D. Ill. Dec. 11, 2017), ECF No. 17. Chelmowski did not let it go. He filed a Rule 59(e) motion to alter or amend the judgment. Judge Kendall denied the motion, finding it frivolous. Transcript at 17–18, *Chelmowski v. AT&T Mobility LLC*, No. 1:17-cv-07070 (N.D. Ill. Nov. 20, 2017), ECF No. 14. Chelmowski appealed.

This latest appeal is frivolous. Judge Kendall properly quashed the subpoena on relevance grounds, but there is another compelling justification for her decision: Chelmowski interposed the subpoena for the improper purpose of harassing AT&T in his never-ending, groundless vendetta over the failed "porting" of his cell-phone number. *See* FED. R. CIV. P. 45(d)(3)(A)(iv) (permitting the court to quash a subpoena that "subjects a person to undue burden"); *id.* R. 26(g)(1)(B)(ii) (requiring parties to certify that discovery requests are not interposed "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). Chelmowski's objection to AT&T's standing is baseless. For these reasons we summarily affirm.

Chelmowski is ordered to show cause why sanctions should not be imposed under Rule 38 of the Federal Rules of Appellate Procedure. His response is due within 14 days from the date of this order.

AFFIRMED AND ORDER TO SHOW CAUSE ENTERED.